UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HENRY DAVIS, JR. (#222934)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 09-510-JJB-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 28, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

HENRY DAVIS, JR. (#222934)

VERSUS                                    CIVIL ACTION

N. BURL CAIN, ET AL                       NUMBER 09-510-JJB-SCR

## **MAGISTRATE JUDGE'S REPORT**

Before the court is the application of petitioner Henry Davis, Jr. for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

For the reasons which follow, the petitioner's application should be denied.

## **State Court Procedural History**

Petitioner was found guilty of one count first degree murder (Count One), one count attempted first degree murder (Count Two) and one count armed robbery (Count Three) in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, Louisiana on August 11, 2000. Petitioner was sentenced to life imprisonment at hard labor on Count One, 50 years imprisonment on Count Two, and 99 years imprisonment on Count Three, the sentences to be served consecutively and without benefit of parole, probation or suspension of sentence.

On direct appeal the petitioner asserted the following assignments of error:

1.    the sentences imposed are constitutionally excessive;

2.    trial counsel was ineffective for failing to file a motion to reconsider the sentences;

3.    the trial court erred in denying a contradictory hearing on the issues of chronic drug use and a history of irrational behavior;

4.    counsel was ineffective when he:
      (a)  failed to investigate the damaged slug and weapon and the inconsistent statement of the State's witness;
      (b)  failed to object to the exclusion of the petitioner's confession;
      (c)  failed to prepare a defense of insanity at the time of the offense and introduce evidence to support the dual plea of not guilty and not guilty by reason of insanity.[1]

The Louisiana First Circuit Court of Appeal affirmed the petitioner's convictions and sentences. *State of Louisiana v. Henry Davis, Jr.*, 2001-1412 (La. App. 1st Cir. 6/21/02), 826 So.2d 1199 (unpublished opinion). Petitioner's application for supervisory review was denied by the Louisiana Supreme Court. *State of Louisiana v. Henry Davis, Jr.*, 2002-2071 (La. 6/20/03), 847 So.2d 1223.

Petitioner filed an application for post-conviction relief in the trial court on July 2, 2004, asserting four grounds for relief:

1.    he was denied a fair trial as a result of prosecutorial misconduct when the prosecutor:
      (a)  introduced evidence from outside the record during opening statements by repeatedly referring to the petitioner's rage when no evidence was presented to support his statements;

_____

[1] Claims three and four were asserted by the petitioner pro se in a supplemental brief.

2

> (b) introduced other crimes evidence during the
>     testimony of Lt. Hotard, Sgt. Odom, Sgt. Bloom,
>     officer Chaney and Det. Walker;

2.  he received ineffective assistance of counsel at trial
    when:
    (a) counsel failed to object to the introduction of
        other crimes evidence;
    (b) counsel failed to hire experts to support insanity
        and intoxication defenses;
    (c) counsel elicited other crimes evidence from Malcolm
        Poole;
    (d) counsel failed to present any witnesses or expert
        in the petitioner's defense;
    (e) counsel failed to file motions or make an in-court
        evaluation of the sanity commission reports during
        the petitioner's sanity hearing;
    (f) counsel was unprepared and unqualified to cross-
        examine Dr. Charles Vosburg;
    (g) counsel failed to impeach the testimony of Det.
        Charles Hotard;

3.  he was denied a fair trial as a result of police
    misconduct when the police failed to conduct tests
    regarding the petitioner's intoxication following his
    arrest;

4.  he was denied a fundamentally fair trial due to
    cumulative errors;

5.  on direct appeal, the First Circuit Court of Appeal erred
    when it held that the petitioner's taped confession was
    played in its entirety during his trial;

6.  his waiver of a jury trial was not knowing and
    intelligently made.[2]

On April 3, 2007, following an evidentiary hearing, the trial

court denied relief on the petitioner's application.

Petitioner sought review by the appellate court asserting the

---

[2] On February 2, 2007, the petitioner filed a Memorandum in
Support of Argument for Evidentiary Hearing in which he asserted
claims 2(e), (f) and (g), 5 and 6 as additional grounds for relief.

following assignments of error:

1.  the trial court erred when it failed to hear and rule on all claims raised in the petitioner's post-conviction relief application;

2.  he was denied a fair trial as a result of prosecutorial misconduct when the prosecutor introduced evidence from outside the record during opening statements by repeatedly referring to the petitioner's rage when no evidence was presented to support his statements;

3.  he received ineffective assistance of counsel when:
    (a) counsel failed to object to the introduction of other crimes evidence;
    (b) counsel failed to hire experts to support insanity and intoxication defenses;
    (c) failed to convene a *Prieur* hearing regarding the admissibility of other crimes evidence;
    (d) counsel failed to present any witnesses or expert in the petitioner's defense;
    (e) counsel did not review the sanity commission reports until the day of the sanity hearing and only discussed the reports briefly with the petitioner before submitting the matter to the court;

3.  on direct appeal, the appellate court erred in determining that the petitioner's taped statement was played in its entirety at trial;

4.  petitioner's waiver of right to jury trial was not knowing and intelligently made because:
    (a) counsel misled him into believing that the state charges would be dismissed if he waived a jury and consented to a bench trial;
    (b) counsel misled him into believing that a defense of not guilty by reason of insanity must be tried to a judge and not a jury.[3]

---

[3] Petitioner listed but did not brief the following assignments of error:
    (a) the prosecutor introduced other crimes evidence during the testimony of Lt. Hotard, officer Chaney and Det. Walker;
    (b) counsel was ineffective when he solicited "illegal
(continued...)

On July 21, 2008, the Louisiana First Circuit Court of Appeal denied review. *State of Louisiana v. Henry Davis, Jr.*, 2008-0727 (La. App. 1st Cir. 7/21/08).

Petitioner sought review by the Louisiana Supreme Court, which denied review on May 29, 2009. *State ex rel. Henry Davis, Jr. v. State of Louisiana,* 2008-2143, (La. 5/29/09), 9 So.3d 159.

## Federal Habeas Corpus Application

Petitioner signed his federal habeas corpus application on July 27, 2009, and it was filed on July 29, 2009. Petitioner asserted the following grounds for relief:

1. he received ineffective assistance of counsel when:
   (a) counsel failed to adequately investigate his case and hire experts to support his insanity and intoxication defenses;
   (b) counsel failed to make an in-court evaluation of the sanity commission reports during the petitioner's sanity hearing;
   (c) counsel was unprepared and unqualified to cross-examine Dr. Charles Vosburg;
   (d) counsel failed to impeach the testimony of Det. Charles A. Hotard;

2. he was denied a fair trial as a result of prosecutorial misconduct when the prosecutor:

---

[3](...continued)
    hearsay" testimony;
   (c) police misconduct;
   (d) cumulative errors;
   (e) ineffective assistance of counsel during the cross-examination of psychologist Dr. Charles Vosburg;
   (f) ineffective assistance of counsel for failure to impeach the testimony of Det. Charles A. Hotard.
Assignments of error which are not briefed are considered abandoned. Rule 2-12.4, Uniform Rules of Louisiana Courts of Appeal; *State v. Schwartz*, 354 So.2d 1332 (La. 1978).

(a)  introduced evidence from outside the record during
     opening statements by repeatedly referring to the
     petitioner's rage when no evidence was presented to
     support his statements;

(b)  introduced other crimes evidence during the
     testimony of Lt. Hotard, Sgt. Odom, Sgt. Bloom,
     officer Chaney and Det. Walker;

(c)  failed to convene a *Prieur* hearing regarding the
     admissibility of other crimes alleged to have been
     committed in East Baton Rouge Parish;

3.   he was denied a fair trial as a result of police
     misconduct when the police failed to conduct tests
     regarding the petitioner's intoxication following his
     arrest;

4.   on direct appeal, the appellate court erred in
     determining that the petitioner's taped statement was
     played in its entirety at trial;

5.   petitioner's waiver of right to jury trial was not
     knowing and intelligent because:
     (a)  counsel advised that the petitioner could avoid the
          death penalty by waiving a jury;
     (b)  counsel advised that the sanity defense is best
          raised to a judge rather than a jury;
     (c)  counsel advised that the state and federal charges
          would be dismissed;
     (d)  he waived his right to a jury trial without knowing
          that the grand jury indictment was defective
          because of the joinder of the three charges;

6.   cumulative errors.


## Applicable Law and Analysis

No evidentiary hearing is required.  Petitioner has exhausted
available state court remedies as to grounds for relief 1(a),
2(a), 4 and 5.  Grounds for relief 1(b),(c) and (d), 2 (b) and (c),
3 and 6 are technically exhausted, but procedurally barred.

Section 2254(d) of Title 28 of the United States Code provides
as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) provides as follows:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination. It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law." When the issue before the court is a mixed question of law and fact, the

7

court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case. The first clause of subsection (d)(1) refers to questions of law. When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court." *Id*.

### Technically Exhausted But Procedurally Defaulted Claims

A review of the petitioner's state PCRA and brief to the Louisiana First Circuit Court of Appeal showed that the petitioner's federal habeas corpus claims set forth in item numbers 1(b), (c) and (d), 2 (b) and (c), 3 and 6 were not presented in a procedurally proper manner to the state district court and the appellate courts as required by state procedural rules.

Although the petitioner has not presented these claims in a procedurally proper manner in accordance with state procedural rules, he has technically exhausted his state court remedies as to these claims. However, the claims are procedurally defaulted and cannot be considered by this court.

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the

petitioner.  28 U.S.C. § 2254(b).

To exhaust properly, a state prisoner must "fairly present the substance of his claims to the state court." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1981); *Neville v. Dretke*, 423 F.3d 474, 478 (5th Cir. 2005).  This means that a petitioner must have informed the state court system of the same facts and legal theories upon which he bases his assertions in his federal habeas petition.  *Id*. at 276-77; *Dispensa v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988).  "It is not enough that all the facts necessary to support the federal claim were before the state courts ... or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6,  103 S.Ct. 276, 277 (1982).  Rather, the petitioner must have presented the substance of his claim to the state courts. *Id*.; *Picard*, 404 U.S. at 276; 92 S.Ct. at 512.

Generally, the habeas applicant must present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.  *Dupuy v. Butler*, 837 F.2d 699 (5th Cir. 1988).  The exhaustion requirement is satisfied if a claim has been presented once to the state's highest court.  *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

Although claims are considered to be "technically" exhausted

when state relief is no longer available, without regard to whether the claims were actually exhausted by presentation to the state courts, *Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546 (1991), if a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred,'" then the claim is procedurally defaulted. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845 (1998) (quoting *Coleman*, 501 U.S. at 735 n.1, 111 S.Ct. 2546).

Petitioner's unexhausted claims are "technically exhausted because, and only because, petitioner allowed his state law remedies to lapse without presenting his claims to the state courts." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (internal citation and quotation omitted).

Petitioner's technically exhausted claims would be barred from consideration in a post-conviction relief application by Louisiana Code of Criminal Procedure Article 930.8. This provision of Louisiana law fixes a time limit of two years after the judgment of conviction and sentence has become final within which to file an application for post-conviction relief. Although the statute contains four exceptions, none of those exceptions apply in this case, and the petitioner has not offered any evidence or argument supporting the application of any exception.

When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565. Reliance upon Article 930.8 has been held to be a valid procedural bar. *Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997).

Petitioner has not shown cause for his procedural default, or actual prejudice resulting from it.

### Properly Exhausted Claims

### Ground 1. Ineffective Assistance of Counsel
### (a) failure to hire experts

In his first ground for relief, the petitioner argued that he received ineffective assistance of counsel.

To obtain habeas relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct.

11

at 2064; *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511 (2000). There is a strong presumption that counsel performed adequately and exercised reasonable professional judgment. *Virgil v. Dretke*, 446 F.3d 598, 608 (5th Cir. 2006). "[A] conscious and informed decision on trial tactics and strategy cannot be the basis of constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness". *Id.* (internal quotation marks omitted). However, there is a distinction between strategic judgment calls and plain omissions. *See Loyd v. Whitley*, 977 F.2d 149, 158 (5th Cir. 1992). The court is "not required to condone unreasonable decisions parading under the umbrella of strategy, or to fabricate tactical decisions on behalf of counsel when it appears on the face of the record that counsel made no strategic decision at all." *Moore v. Johnson*, 194 F.3d 586, 604 (5th Cir. 1999).

To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome" and is less than a preponderance of the evidence. *Id.* at 693-94, 104 S.Ct. at 2068; *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983)(petitioner required to show that counsel's deficient performance rendered the result of the trial unreliable

or the proceeding fundamentally unfair). Stated differently, a constitutional trial error is harmful only if there is "more than a mere reasonable possibility that it contributed to the verdict." *Mayabb v. Johnson*, 168 F.3d 863, 868 (5th Cir. 1999).

In the first component of the petitioner's ineffective assistance of counsel claim the petitioner argued that counsel rendered ineffective assistance when he failed to hire expert witnesses to support the petitioner's insanity and intoxication defenses.

In Louisiana, a legal presumption exists that a defendant is sane and responsible for his actions at the time of an offense. *See* LSA-R.S. 15:432; *State v. Harris*, (La. App. 1st Cir. 2/18/00), 754 So.2d 304, 308. The State is not required to offer any proof of the defendant's sanity. *Id*. To rebut the presumption of sanity and avoid criminal responsibility, a defendant has the burden of proving the affirmative defense of insanity by a preponderance of the evidence. *See* LSA-C.Cr.P. art. 652. Criminal responsibility is not negated by the mere existence of a mental disease or defect. To be exempted from criminal responsibility, a defendant must show he suffered a mental disease or mental defect that prevented him from distinguishing between right and wrong with reference to the conduct in question. LSA-R.S.14:14; *State v. Silman*, (La. 11/27/95), 663 So.2d 27, 32. The determination of sanity is a factual matter. All the evidence, including expert and lay

testimony, along with the defendant's conduct and actions before and after the crime, should be reserved for the fact finder to establish whether the defendant has proven by a preponderance of the evidence that he was insane at the time of the offense. *See State v. Silman*, 663 So.2d at 32.

Intoxication is an affirmative defense. The burden of proof by a preponderance of the evidence rests upon defendant. *State v. Tolbird*, (La.App. 2d Cir. 12/11/96), 685 So.2d 415. If a defendant proves that he was intoxicated at the time of the offense, the state has the burden of negating that defense by proof beyond a reasonable doubt. *State v. Mitchell*, (La.App. 2d Cir. 12/15/04), 889 So.2d 1257, *writ denied*, (La. 4/29/05), 901 So.2d 1063. Whether intoxication is sufficient to negate specific intent is a question for the trier of fact. *State v. Leeming*, 612 So.2d 308, 313 (La. App. 5th Cir. 1992), *writ denied*, 616 So.2d 681 (La. 1993).

Dr. Frank Silva evaluated the petitioner as part of the sanity commission and determined that although the petitioner was using cocaine at the time of the charged offenses, he has no history of psychosis and can be considered sane at the time of the commission of the offenses.[4]

At trial the State presented the testimony of Dr. Charles Vosburg, an expert in the field of forensic psychology who

---

[4] Trial Record, Vol. 1, at 12-14.

initially evaluated the petitioner as part of the sanity commission.[5] Dr. Vosburg evaluated the petitioner to determine his competency to stand trial and his sanity.[6] Dr. Vosburg testified that his examination did not indicate the presence of a mental illness or mental retardation or neurological impairment, which are the standard areas of concern when determining competency to stand trial and sanity at the time of an offense.[7] Dr. Vosburg testified that in the course of an examination to determine competency to stand trial he determines whether the individual understands the charges against him, his ability to assist counsel, and ability to appreciate the seriousness of the charge.[8] Dr. Vosburg testified that the petitioner had a rational and factual understanding of the charges against him.[9]

Dr. Vosburg testified that in determining sanity at the time of the offense, which is a simple right from wrong test, he looks to see whether there is a history of mental illness impacting sanity at the time of an offense, any history of developmental

---

[5] *Id.*, Vol. 2, at 375-76.

[6] *Id.* at 377.

[7] *Id.*

[8] *Id.*

[9] *Id.*

disabilities, or any neurological impairment.[10]    Dr. Vosburg testified that in his examination, those factors were absent.[11]

A review of the record and the trial testimony shows that the petitioner has failed to establish any prejudice.    Because the petitioner failed to establish that had trial counsel consulted with and/or presented experts on insanity and intoxication, the verdict would have been different, this aspect of his ineffective assistance of counsel claim must fail.

### Ground 2. Prosecutorial Misconduct
###     (a) introduction of evidence outside the record

In his second ground for relief, the petitioner argued that he was denied a fair trial as a result of prosecutorial misconduct. Specifically, the petitioner argued that the prosecutor introduced evidence from outside the record during opening statements by repeatedly referring to the petitioner's rage when no evidence was presented to support his statements.

When a habeas petitioner alleges a generic due process violation due to improper prosecutorial comments, a reviewing court must determine whether the remarks, "in the context of the entire trial, were sufficiently prejudicial to violate [the defendant's] due process rights." *Donnelly v. DeChristoforo*, 416 U.S. 637, 639, 94 S.Ct. 1868, 1869 (1974).  It is not enough that the remarks were

---

[10] *Id*. at 378.

[11] *Id*.

"undesirable or even universally condemned," *Darden v. Wainwright*, 699 F.2d 1031, 1036 (11th Cir. 1983), *affirmed, Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464 (1986); a petitioner may obtain relief only if "the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. at 180, 106 S.Ct. at 2471 (*quoting Donnelly*, 416 U.S. at 643, 94 S.Ct. at 1871). "The prosecutor's remarks do not present a claim of constitutional significance unless they were so prejudicial that [the petitioner's] state court trial was rendered fundamentally unfair within the meaning of the Fourteenth Amendment." *Rushing v. Butler*, 868 F.2d 800, 806 (5th Cir. 1989). A trial is fundamentally unfair only if the prosecutor's remarks evince either persistent or pronounced misconduct, or the evidence was so insubstantial that in all probability but for the remarks the petitioner would not have been convicted. *Id., citing Kirkpatrick v. Blackburn*, 777 F.2d 272, 281 (5th Cir. 1985); *Fulford v. Maggio*, 692 F.2d 354, 359 (5th Cir. 1982), *reversed on other grounds*, 462 U.S. 11, 103 S.Ct. 2261 (1983). When attacked, prosecutorial comments are not considered in isolation, but are evaluated in the context of the entire trial as a whole, including the prosecutor's entire closing argument. *Rushing*, at 806; *Kirkpatrick*, at 281.

The remarks made by the prosecutor during his opening statement about which the petitioner complained did not constitute

"persistent and pronounced misconduct." *Kirkpatrick*, at 821, *quoting Fulford*, at 359.

Nor does a review of the record support the conclusion that "the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred." *Id*. An independent review of the evidence supports the finding that there is no probability the petitioner would not have been convicted but for the prosecutor's remarks. This claim has no merit.

### Ground 4. Introduction of Taped Statement

In his fourth ground for relief, the petitioner argued that on direct appeal the First Circuit Court of Appeal erred in determining that the petitioner's taped statement was played in its entirety at the trial.

On direct appeal, the petitioner argued in pro se assignment of errors number 2 that his trial counsel was ineffective when he failed to object to the *exclusion* of the petitioner's taped confession. The First Circuit Court of Appeal held the petitioner failed to establish deficient performance, noting that the record indicates that the petitioner's taped confession was entered into evidence and played in its entirety. *State of Louisiana v. Henry Davis, Jr.*, 2001-1412 (La. App. 1st Cir. 6/21/02) at p. 10.

A review of the trial transcript showed that the petitioner's taped confession made to Det. Randall Walker was introduced into evidence without objection by the defense and was played by the

18

court.[12]   There is no factual basis in the trial record, or the record in this court, to support this claim.   This claim has no merit.

### Ground 5. Waiver of Jury Trial

In his fifth ground for relief, the petitioner argued that his waiver of the right to a trial by jury was not knowing and intelligent.

The effectiveness of a waiver of a federal constitutional right is governed by federal law. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712 (1969).   The right to a jury trial in a criminal case is a fundamental constitutional right. *Duncan v. Louisiana*, 391 U.S. 145,157-58, 88 S.Ct. 1444, 1451-52 (1968). That right may be waived by the defendant, but the waiver must be express and intelligently made. *See Singer v. United States*, 380 U.S. 24, 34, 85 S.Ct. 783, 789 (1965).   Whether "there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 278, 63 S.Ct. 236, 241 (1942).

The waiver of important constitutional rights, including the right to trial by jury, may not be presumed from a silent record. *Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712; *Dulin v. Henderson*, 448

---

[12] *Id.*, Volume 2, at 405-06.

F.2d 1238, 1240 (5th Cir. 1971). "The record must show, or there must be an allegation and evidence which show, that [the waiver was] intelligently and understandingly [made]." *Boykin*, 395 U.S. at 242, 89 S.Ct. at 1712.

On May 8, 2000, the petitioner appeared for a Hearing on Waiver of Jury Trial represented by attorney Robert E. Randolph. During the hearing, the district judge informed the petitioner of his right to a trial by jury.[13] The district judge verified that the petitioner fully understood his right to a jury trial and the ramifications of waiving the right.[14]

Petitioner was adequately informed and was aware of the consequences of his waiver of his right to a jury trial. Petitioner's waiver of his right to a jury trial was express, and intelligently, knowingly and voluntarily made.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be denied.

Baton Rouge, Louisiana, December 28, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[13] *Id*., Vol. 2, Transcript of Hearing on Waiver of Jury Trial, at 271-72.

[14] *Id*.